## BILLY EDWARDS v. STATE.

No. A-3109 —Opinion Filed April 12, 1920.

(188 Pac. 889.)

(Syllabus.)

**APPEAL AND ERROR—Conviction—Sufficiency of Evidence.** Where the uncontradicted testimony sustains a conviction, the judgment will not be reversed on appeal.

*Appeal from District Court, Carter County;*

*W. F. Freeman, Judge.*

Billy Edwards was convicted of contempt, and he appeals. Affirmed.

*J. B. Champion* and *S. A. George,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, Billy Edwards, was convicted of violating an order of injunction, and in accordance with the verdict of the jury was sentenced to pay a fine of $300 and all costs. From the judgment he appeals.

The only error assigned and argued in the brief is that "the verdict of the jury is contrary to and not supported by the evidence." The only testimony is that introduced by the state. It is as follows:

The court clerk called as a witness identified the petition of the county attorney of Carter county against Cy Pyeatt, Billy Edwards, and C. A. Williams, and the order of injunction based upon said petition, the summons in the case and the return thereon, and the order of the court making the injunction perpetual. The recitals of the orders of injunction show that said defendants were in possession of a certain lot known as lot "51," and further known as "66," on Main street in the town of Wirt, and recites that during their occupancy of this place intoxicating liquors were there received, kept, sold, bartered, and otherwise furnished to persons who congregated there, and on the trial the court issued an order enjoining the defendants, including this defendant, Billy Edwards, from using and occupying said premises for such purposes.

Buck Garrett testified:

"I am sheriff of Carter county. I served the defendant herein, Billy Edwards, the summons in the civil case in which '66' was locked up. I also served on him the order of injunction. I went there and nailed '66' up and put a lock and chain on the door and turned the key over to our court clerk. I know defendant, Billy Edwards, whose initials are 'W. R.' I was in Wirt on the date alleged and with two deputies went to '66.' The defendant, Billy Edwards, was there at the time."

Fred Pyeatt testified:

"I am deputy sheriff. I went to Wirt with Sheriff Garrett, and we went to '66.' We raided the place and found the defendant and several other people there at the

time. I told them we would have to take them all or take the one who was running the place, and the defendant, Billy Edwards, spoke up and said the place was his; that he would make bond for it and for me not to take the rest of them. He said it was his place. We found there at that time nine quarts of whisky, four quarts of gin, two quarts of rum, and six quarts of beer; also a bar and some tables. I entered through the side door, which was open. The front door was locked."

Horace Kendall testified:

"I am deputy sheriff and was one of the party that raided the place. I have known the defendant five or six years. The place is known as '66.' After the crowd came out, I got in as soon as I could and asked Mr. Pyeatt who he had. He said, 'I have got Billy Edwards.' Then Billy Edwards spoke up and said, 'The place belongs to me.' There was a bar in there and some gambling tables. It was then after 10 o'clock at night. Mr. Pyeatt found the whisky behind the bar. I don't know whether the defendant operated the place or not, only what he said; he said he had charge of the place."

There was also introduced a certified copy of a United States retail dealer's permit, issued to Black Company, R. L. Black, and W. L. Edwards, retail liquor dealer, place, Wirt, Okla., signed Hubert L. Bolen, collector.

We are of the opinion that the verdict of the jury is amply supported by the evidence.

Finding no error prejudicial to the defendant, the judgment is affirmed.

DOYLE, P. J., and MATSON, J.,concur.